UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223; TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223 PENSION FUND; TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223 DEFERRED INCOME FUND; TRUSTEES OF THE NEW ENGLAND ELECTRICAL WORKERS BENEFITS FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; TRUSTEES OF THE BROCKTON ELECTRICIANS JOINT APPRENTICESHIP AND TRAINING TRUST FUND; and TRUSTEES OF THE SOUTHEASTERN MASSACHUSETTS ELECTRICAL LABOR MANAGEMENT COOPERATION TRUST,<br>    Plaintiffs,<br><br>v.<br><br>SMART GREEN SOLAR LLC,<br>    Defendant. | C.A. No. |

**COMPLAINT**

**NATURE OF ACTION**

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, and pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans and a labor management fund to enforce the obligation to pay fringe benefit contributions as required under the terms of a collective bargaining agreement and the plans. This is also an action by a labor organization,

brought pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, to enforce an employer's obligation under a collective bargaining agreement to remit dues and other amounts deducted from employees' earned wages to the labor organization.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to Section 502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and Section 301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. The International Brotherhood of Electrical Workers Local 223 ("IBEW Local 223" or "the Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and has a principal place of business at 475 Myles Standish Boulevard, Taunton, MA 02780.

4. The International Brotherhood of Electrical Workers Local 223 Pension Fund ("Pension Fund") is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Pension Fund provides participants with a defined pension benefit. The Pension Fund is governed by its Trustees and is administered by a third-party administrator at its offices at 8 Fairfield Boulevard, Wallingford, CT 06492.

5. The International Brotherhood of Electrical Workers Local 223 Deferred Income Fund ("Deferred Income Fund") is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Deferred Income Fund is a defined contribution pension plan. The Deferred Income Fund is governed by its Trustees and is administered by a third-party administrator at its offices at 8 Fairfield Boulevard, Wallingford, CT 06492.

6. The New England Electrical Workers Benefits Fund ("Health Fund") is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). The Health Fund provides participants with medical, dental, vision, and other health and welfare benefits. The Health Fund is governed by its Trustees and is administered by a third-party administrator at its offices at 8 Fairfield Boulevard, Wallingford, CT 06492.

7. The National Electrical Benefit Fund ("NEBF") is an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2). The NEBF provides participants and their beneficiaries with retirement and other related benefits. The NEBF is governed by its Trustees and is administered at 2400 Research Boulevard, Rockville, MD 20850.

8. The Brockton Electricians Joint Apprenticeship and Training Trust Fund ("Training Fund") is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). The Training Fund provides education and training for apprentice participants. The Training Fund is governed by its Trustees and is administered at 475 Myles Standish Boulevard in Taunton, MA 02780.

9. The Pension, Deferred Income, NEBF, Health, and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the ERISA Funds."

10. The Southeastern Massachusetts Electrical Labor Management Cooperation Trust ("S.E. Mass. ELMCT") is a local labor management cooperation committee and a trust. The S.E. Mass. ELMCT is governed by its Trustees and administered at 475 Myles Standish Boulevard in Taunton, MA 02780.

11. Together, the ERISA Funds and the S.E. Mass. ELMCT are hereinafter referred to collectively as "the Funds." The Funds are third-party beneficiaries of the collective bargaining agreement between the Union and the Defendant Smart Green Solar LLC.

12. Defendant Smart Green Solar LLC ("Smart Green") is an employer engaged in commerce within the meaning of Section 3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of Section 301 of the LMRA, 29 U.S.C. §185. Smart Green is a Delaware limited liability company with a principal place of business listed at 33 Broad Street, Suite 5, Providence, RI 02903 and, on information and belief, offices at 22 Santom Street, Auburn, MA 01501, and 3 Allied Drive, Dedham, MA 02026.

## GENERAL ALLEGATIONS OF FACT

13. At all times relevant hereto, the Union had a contract with Smart Green for the provision of labor.

14. On or about April 27, 2021, Jasjit Gotra executed a Letter of Assent on behalf of Alliance Holdings GFD Inc., d/b/a Smart Green, Inc. authorizing the Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the current and any subsequent collective bargaining agreements between NECA and the Union. A true and accurate copy of the Letter of Assent is attached hereto as Exhibit A.

15. On information and belief, based on corporate filings with the Secretary of the Commonwealth of Massachusetts, Corporations Division, in January 2023, Alliance Holdings GFD Inc., d/b/a Smart Green, Inc. changed its name to Smart Green Solar Inc. on or about August 3, 2022, and then again changed its name and converted to Smart Green Solar LLC

("Smart Green") on or about August 23, 2022. A copy of the Transfer of Authority filed with the Secretary of the Commonwealth is attached hereto as Exhibit B.

16. By virtue of signing the Letter of Assent, Smart Green is a party to the collective bargaining agreement between NECA and the Union effective for the period September 1, 2021 through August 31, 2024 and successor collective bargaining agreements. True and accurate copies of the 2021-2024 and 2024-2027 collective bargaining agreements ("Agreement" or "CBA") are attached hereto as Exhibits C and D, respectively.

17. An updated version of the CBA Article VI, sec. 6.05, relating to the S.E. Mass. ELMCT, was negotiated by the Union and NECA in December 2021, is attached hereto as Exhibit C-1, and was incorporated in the successor 2024 Agreement.

18. The Funds are third-party beneficiaries of the Agreement between Smart Green and the Union.

19. The Agreement requires Smart Green and other signatory employers to make contributions to the ERISA Funds for each hour worked, or based on a percentage of wages paid for hours worked by covered employees, and specifies the amount to be contributed by an employer to each of the Funds for each hour worked, or the percentage of wages paid for hours worked, by covered employees, as applicable. The Agreement specifies further that these amounts are to be paid by the 15th of the month following the month in which the hours were worked. Ex. B and C at Art. V, sec. 5.16 (Training Fund); Art. VI, secs. 6.01 (NEBF), 6.02 (Health Fund), 6.03 (Pension Fund), 6.04 (Deferred Income Fund), 6.12 (Collection).

20. The Agreement also requires Smart Green and other signatory employers to remit contributions to the S.E. Mass. ELMCT for each hour worked or based on a percentage of wages

paid for hours worked by covered employees at prescribed rates by the same deadline as for the ERISA Funds. Exs. B and C at Art. VI, sec. 6.05(a)(c).

21. The Agreement further requires Smart Green and other signatory employers to deduct from the wages of covered employees and forward to or through the Union specified amounts for working dues and the COPE/PAC. Exs. B and C at Art. VI, secs. 6.07 (dues), 6.08 (COPE/PAC).

22. By virtue of the Agreement, Smart Green agreed to follow the Funds' collection procedures and/or trust agreements, which require payment of interest, liquidated damages, and collection costs for late-paid contributions to the Funds. Ex. B at secs. 6.12, 6.01, 6.02, 6.05(e), 5.15 and Ex. C at secs. 6.12, 5.15, 6.01, 6.02, 6.03, 6.04, 6.05(e).

23. During the period March 1, 2024 through September 30, 2024, Smart Green sought and employed electricians from the Union on several solar panel installation projects in Southeastern Massachusetts, within the jurisdiction of the Union.

24. During this same period, Smart Green failed to make all contributions required to be made to the Funds on behalf of the Union electricians they employed and failed to remit to the Union all the dues, COPE/PAC and other amounts deducted from the Union electricians' wages on their behalf, as required by the Agreement.

25. Smart Green was notified in writing in early May by the Funds' attorney that it then owed principal contributions to the Funds pursuant to the CBA for the period February through March 2024, and payment was demanded.

26. Smart Green subsequently made weekly payments towards the delinquency for several weeks, which covered part of the delinquency for March 2024. In mid-August 2024,

after the weekly payments ceased, the Funds' attorney sent a demand letter to Smart Green for contributions owed for the period March through June, 2024.

27. On information and belief, the Union's and the Funds' auditor attempted in or about August and September 2024 to initiate a payroll audit of Smart Green but the company was unresponsive.

28. On information and belief, including remittance reports for Smart Green for the period March 1, 2024 through September 30, 2024, and employee pay check stubs for the period July 1, 2024 through September 30, 2024, Smart Green owes at least $52,957.89 in principal contributions and dues for the period March 1, 2024 through September 30, 2024.

29. On information and belief, of the total in principal contributions, dues and other amounts owed, at least $46,906.22 is owed to the ERISA Funds; at least $2,324.04 is owed to the S.E. Mass. ELMT; and at least $3,727.63 is owed to the Union in working dues, COPE/PAC and other amounts deducted from the electricians' wages but never remitted to the Union.

30. Smart Green also owes the Funds an as-yet unliquidated amount of interest that has accrued, and continues to accrue, on the delinquent contributions owed but never paid to the Funds, as well as liquidated damages and attorneys' fees and costs.

### COUNT I - VIOLATION OF ERISA - UNPAID CONTRIBUTIONS

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 above.

32. The failure of Smart Green to make payment of all contributions owed to the Plaintiff ERISA Funds on behalf of all covered employees, along with interest and liquidated damages, violates §515 of ERISA, 29 U.S.C. §1145.

7

33. Absent an order from this Court, Smart Green will continue to fail to comply with its obligation to remit the contributions, interest, and damages it owes to the ERISA Funds, and as a result, the ERISA Funds and their participants will be irreparably damaged.

34. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - UNPAID CONTRIBUTIONS OWED TO THE FUNDS

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 above.

36. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

37. The failure of Smart Green to pay contributions to the Plaintiff Funds for its Union employees for the work period March 1, 2024 through September 30, 2024, violates the terms of the CBA.

### COUNT III - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - FAILURE TO REMIT DUES AND OTHER AMOUNTS TO UNION

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 above.

39. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

40. Smart Green's failure to remit to the Union working dues, COPE/PAC and other deductions, which, on information and belief, were taken from employee wages and never remitted to the Union, as required by the CBA, for the period March 1, 2024 through September 30, 2024, violates Section 301 of the LMRA, as amended, 29 U.S.C. §185.

**COUNT IV – VIOLATION OF ERISA –
FAILURE TO SUBMIT TO AUDIT**

41. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 40 above.

42. Smart Green is required, pursuant to ERISA, 29 U.S.C. § 1059, to maintain adequate records to permit the ERISA Funds to accurately calculate the contributions due for work performed by its employees.

43. Smart Green's failure to respond to the ERISA Funds' audit demands, and provide the documents needed by the ERISA Funds' auditors to complete an audit, violates ERISA, 29 U.S.C. § 1001 et seq., and the ERISA Funds' plan documents.

44. Absent an order from this Court, Smart Green will continue to ignore its obligation to submit to an audit.

**COUNT V – VIOLATION OF LMRA –
FAILURE TO SUBMIT TO AUDIT**

45. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 44 above.

46. Smart Green is obligated to comply with the Funds' audit requests under its collective bargaining agreement with the Union, which is an agreement under LMRA § 301, 29 U.S.C. § 185.

47. Smart Green's failure to comply with the Funds' audit requests pursuant to the collective bargaining agreement violates the collective bargaining agreement and LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Enter a preliminary and permanent injunction enjoining Smart Green from refusing or failing to pay all contributions, interest, damages and fees owed the Funds and dues and other amounts owed the Union;

b. Enter judgment in favor of the ERISA Funds on Count I in a principal amount of at least $46,906.22, plus any and all additional amounts determined by the Court to be owed to the Funds, or which may become due during the pendency of this action, together with all interest on the unpaid contributions from their due date, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, and reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

c. Enter judgment in favor of the Funds on Count II in a principal amount of at least $49,230.26, along with any additional amounts determined by the Court to be owed the Funds, or which may become due during the pendency of this action, together with interest, liquidated damages, and reasonable attorneys' fees and costs, and audit costs due under the Agreement, pursuant to 29 U.S.C. § 185;

d. Enter judgment in favor of the Union on Count III in the amount of $3,727.63, along with any additional amounts determined by the Court to be owed to the Union or which may become due during the pendency of this action;

e. Order Smart Green to make available to the Plaintiff Funds or their duly authorized representative its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job

locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed;

    f.    Enter a preliminary and permanent injunction enjoining Smart Green from refusing or failing to permit the Plaintiff Funds to audit the records prayed for in the preceding paragraph;

    g.    Order the attachment of the accounts receivable, vehicles, and inventory of Smart Green; and

    h.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223, *et al.*,

By their Attorneys,

/s/ Elizabeth A. Sloane
Elizabeth A. Sloane, Esq., BBO No. 567866
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
P: (617) 603-1433
F: (617) 742-2187
esloane@segalroitman.com

Dated: December 31, 2024

EAS/agb,eas&ts
4849-24304/compt.doc